**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| SAMYANG INNOCHEM CORP. | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. NO. _____ |
| | § | Admiralty Rule 9(h) |
| M/V GINGA LYNX, | § | |
| her engines, tackle, boilers, etc. *in rem,* | § | |
| | § | |
| v. | § | |
| | § | |
| TOKYO MARINE ASIA PTE. LTD. | § | |
| Defendants. | § | |

**PLAINTIFF'S COMPLAINT UNDER 28 U.S.C. Sec. 1782 AND MOTION FOR**
**EXPEDITED DISCOVERY TO PERPETUATE TESTIMONY CONCERNING VESSEL**
**SCHEDULED TO LEAVE PORT**

TO THE COURT:

COMES NOW Samyang Innochem Corporation (hereinafter "Samyang") through the undersigned attorneys, and respectfully submits as follows on information and belief:

1.      **Samyang** is a chemical product consumer from Korea.

2.      **The M/V Ginga Lynx** was at all material times a tanker vessel sailing under the Panamanian flag.  The vessel was built in 2009, its call sign is 3EUG5, and its gross tonnage is 16,222 tons.

3.      Defendant, **Tokyo Marine Asia Pte, Ltd.**  ("Tokyo Marine"), was and now is a foreign corporation, or similar entity, with power to sue and be sued, which regularly does business in Texas and/or the United States as a common carrier of goods, which does not maintain a designated agent on whom service may be made in Texas, and thus may be served through Hague Convention Service, F.R.C.P. 4(k)2, or through the Secretary of State of Texas under the

Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code § 17.044 <u>et. seq.</u>, in care of its home office at: 18-01 SGX Centre 2, 4 Sheraton Way, Singapore, 068807.

4.      Jurisdiction in this matter is pursuant to the Admiralty and Maritime jurisdiction of the United States, 28 USC Sec. 1333 and FRCP Rule 9(h).

5.      On or about August 4, 2014, Samyang purchased Phenol from Cedar Petrochemicals Inc. (hereinafter "Cedar") acting as a chemical product trader. The Phenol was provided for shipment by Shell Chemicals LP (hereinafter "Shell") in Deer Park, Texas and was shipped in September 2014 from Houston, TX to Gunsan, Korea (see **Exhibit B** bills of lading).

6.      The Phenol was shipped from Houston, Texas via the ocean vessel, M/V GINGA LYNX, to the Port of Kunsan with an ultimate planned destination of Gunsan, Korea. On November 13, 2014, just prior to the discharge of the Phenol at the Port of Kunsan, Korea, a sample was taken and tested at the laboratory of Intertek Kisco Co., Ltd.. The resulting tests reported off-specification delivery of the phenol, which is unacceptable for Samyang's intended use. The value of the cargo is in excess of $6,613,576.20 and Samyang anticipates a significant monetary loss due to the delivery of off-specification product, and the requisite damage mitigation effort.

7.      Samyang has suffered a contamination to phenol during her voyage from Houston to Korea for which a Complaint *in rem* and *in personam* has been filed in the court of Singapore (see **Exhibit A**).   In this action Plaintiff moves this Court for an Order permitting them to conduct discovery immediately in aid of preserving evidence for the foreign trial in Singapore on the merits of this action, 28 USC Sec. 1782. This action seeks to avoid the loss of evidence which may be occasioned by the transitory nature of the defendant vessel M/V Ginga Lynx (the "Vessel").   In particular, the Plaintiff seeks an Order that crucial evidence be obtained before it

disappears from the port of Houston, Texas, so that the parties and the Court may have all of the relevant facts available at the time the merits of this case are tried in Singapore.

8.     In order to do this, the Plaintiff requires an Order to inspect and photograph the documents and obtain phenol samples as authorized under 28 USC Sec. 1782, and to do so immediately, before formal service of the Summons and Complaint has been effected on the Defendant Vessel, M/V Ginga Lynx, in rem, and its owners/operators, Tokyo Marine Asia Pte. Ltd. ("Tokyo Marine"), in order to determine the cause of the phenol contamination incident which allegedly occurred during transit from Houston to Korea.

9.     Tokyo Marine loaded approximately 4,000 MT of phenol ("phenol") owned by Samyang onto the M/V Ginga Lynx at Shell Deer Park on August 4, 2014. See the attached bills of lading (see **Exhibit B**).  The vessel arrived in Korea on November 13, 2014 and the delivered phenol was off specification due to inappropriate color.

10.    Plaintiff therefore requests an Order to conduct a documentary investigation, to take custody of retained phenol samples (if any) and make copies of the Vessel's documents related to the sampling and testing of the phenol, and to make copies of the cargo logs related to the previous cargoes shipped aboard the vessel, and the documents related to the circumstances surrounding the cargo's maintenance and handling during the voyage in question (see **Exhibit C** list).  This is to be accomplished in order to determine the cause and circumstances giving rise to the phenol damage.

## I.
## Legal Basis For Application

11.   The pertinent discovery satute, 28 U.S.C. § 1782 provides as follows:

§ 1782. Assistance to foreign and international tribunals and to litigants before such tribunals

(a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege.

(b) This chapter does not preclude a person within the United States from voluntarily giving his testimony or statement, or producing a document or other thing, for use in a proceeding in a foreign or international tribunal before any person and in any manner acceptable to him.

12.　　　Here, Samyang seeks this Court's Order that the entity who is found within the Southern District produce documents for use in a proceeding in a foreign tribunal. Samyang, as a litigant in the recovery proceeding in the Singapore Court, is an "interested person" entitled to bring this application.   Samyang does not seek testimony; but merely the production of documents which are on the vessel, and access to retained samples, if any.

13.　　　Tokyo Marine is "found" in the Southern District by virtue of the expected presence of the M/V GINGA LYNX here. *In re Campania Chilena de Navegacion,*  2004 WL 1084243, 2004 AMC 443 (USDC EDNY 2004). *In re Campania Chilena de Navegacion,* is persuasive in the extreme because of the similarity of its factual scenario to the instant case, and the Court's reasoning.

14.　　　There, a litigant in a suit pending in Ecuador, sought depositions in the Southern District of New York, from the crew of the vessel on which the incident which formed the basis of that foreign suit occurred.  The Ecuadoran Court had ordered that the depositions be taken.  The New

York Court observed that three elements must be satisfied before Section 1782 may be invoked.

The Court succinctly identified the three elements:

> "First, the person from whom discovery is sought must either reside in or be found in the district. Second, the discovery must be for use in a proceeding before a foreign tribunal, and the third element is that the application be made by an interested person. *In re Ishihara Chemical Co.,* 251 F.3d 120, 124 (2d Cir.2001); *Euromepa, S.A. v. Esmerian, Inc.,*154 F.3d 24, 27 (2d Cir.1998)."

15.     The Court then determined whether petitioner had satisfied the three elements.

> "The first element was met when the vessel arrived in New York with its crew. As to the second element, the Court finds that this discovery has been ordered by a court in Guayaquil in connection with the pending civil proceeding there. Finally, in this instance, the petitioner is the interested party who brought this suit in Guayaquil, and thus has satisfied the third element as well."

16.     This case presents the identical scenario.  The only difference is that the discovery sought is the production of documents and retained samples rather than taking testimony.

17.     The United States Supreme Court addressed this issue in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 124 S.Ct. 2466, 159 L.Ed.2d 355 (2004).  There, the Court dealt with a request for production of documents in an anti-trust dispute among members of the Commission of the European Communities. Advanced Micro Devices, Inc. ("ADM") commenced litigation in a California court seeking documents, pursuant to 28 U.S.C. §1782, that Intel had produced in an Alabama antitrust suit.  The Northern District of California denied ADM's request.  The Ninth Circuit reversed, and the Supreme Court affirmed the Ninth Circuit, although observing that Section 1782(a) authorizes, but does not require, the District Court to provide discovery aid to foreign parties.

18.     Justice Ginsburg provided factors for a District Court to consider in deciding whether to exercise its authority under Section 1782.  The four factors to be taken into consideration in the court's exercise of discretion are the following:

(1) whether the person from whom the discovery is sought is a participant in the foreign proceeding;

(2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal court assistance;

(3) whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or policies; and

(4) whether the request is unduly intrusive or burdensome. See, *In re Oxus Gold PLC*, 2007 WL 1037387 (USDC DNJ 2007).

19.     Here, the person from whom the discovery is sought, Vessel owner Tokyo Marine, is a participant in the foreign proceeding.  That foreign proceeding does seek an adjudication on the merits and is still active with a scheduling conference set in March, 2015. 28 USC Sec. 1782 allows an interested party to seek production of documents or the inspection of a Vessel, before the FRCP Rule 26(f) conference in a case.  Here Plaintiff has a preferred maritime lien against the vessel for a Maritime cargo claim. In the pending matter, discovery is sought without the stipulation of the parties, but with supporting facts, that the person to be examined is expected to leave the United States and be unavailable for examination in this country unless said discovery is undertaken before that time.  As the **Exhibit D** Affirmation of Dana K. Martin explains, the Vessel is registered under the flag of Panama, and its officers and crew are reportedly comprised of foreign nationals, and the Vessel is shortly expected to leave the port of Houston for an undisclosed foreign port. Under these circumstances, the defendant Owners and Operators, are domiciled in Singapore and cannot be served with process in time to allow for joinder of the issue in the normal scheduling of discovery. Without the court's intervention, the opportunity to obtain documents from the Vessel concerning the cause of the phenol contamination will be lost. The Vessel is expected to sail to a foreign port on or before February 22, 2015.

20.     The taking of discovery on an expedited basis for a maritime claim has typically been permitted by the court in recognition of 'exceptional circumstances' occasioned by instances where the Vessel and its crewmembers are about to leave port which may lead to the loss of information if action is not taken immediately. One of the 'exceptional circumstances' in which discovery has been deemed proper is where a vessel with crew members possessing particular knowledge is about to leave port. *Application of Deiulemar Di Navigazione S.p.A.*, 153 F.R.D. 592, 1994 A.M.C. 2250 (E.D.La. 1994).

21.     Legal precedent for allowing such testimony may be also be found in *Application of Deiulemar Di Navigazione S.p.A.*, 153 F.R.D. 592, 1994 A.M.C. 2250 (E.D.La. 1994). There the Court granted petitioners application to conduct discovery on a vessel that was scheduled to leave port. That court noted that extraordinary circumstances occur where a vessel with crew members possessing particular knowledge of the dispute is about to leave port. *Deiulemar, Id.* at 593, citing, *Oriental Commercial and Shipping Company, Ltd. v. Rosseel*, 125 F.R.D. 398 (S.D.N.Y. 1989). Other legal precedent for allowing expedited discovery on a maritime matter may similarly be found at *Koch Fuel International v. MV South Star*, 118 F.R.D. 318 (E.D.N.Y. 1987) and  *Ferro Union Corp. v. SS Ionic Coast*, 43 F.R.D. 11 (S.D.Tex. 1967).  Since this action has been commenced, but not yet served on the defendants who are foreign based, this Motion for Expedited Discovery on Vessel Scheduled to Leave Port seeks leave to conduct discovery pursuant to 28 USC Sec. 1782 in aid of a foreign proceeding (see **Exhibit A** Singapore suit filing).

22.     When the discovery is sought to perpetuate testimony of a foreign crew member from a foreign ship scheduled to imminently depart, testimony is permitted.  *Intel Corp.  v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 258, 124 S. Ct. 2466, 159 L. Ed. 2d 255 (2004), *The Petition*

*of Raffles Shipping Int'l., Pte. Ltd* . 2010 WL 819820 *2 (E. D. La 2010).  The circumstances in this case are deemed to be extraordinary as required to authorize the testimony to be perpetuated, while the vessel is still in port. *Raffles*, *Id.*, citing *Deiulemar*, 153 F.R.D. at 593. Here the vessel's representatives have made no representation that they will make the documents available at any time in the future. Discovery here is sought to perpetuate testimony under 28 USC Sec. 1782, as incident to international tribunal. The facts surrounding the phenol contamination in question will likely be lost if not undertaken in the next few days.  The circumstances here rises to the level of exceptional and the investigation will not be repeatable. The discovery is justified and in keeping with the current law on the subject.

## II.

## Factual Basis For Application

23.    Plaintiff has alleged the phenol was damaged during transit from Houston to Korea. At the time of the alleged incident, the M/V Ginga Lynx had 4,000 MT of phenol aboard owned by Samyang, which was loaded at Shell Deer Park on September 14, 2014 (see **Exhibit B** bills of lading).

24.    As a direct and proximate result of the facts stated above Samyang cannot deliver the product as "on spec" pure phenol, requiring Samyang to mitigate damages by purchasing another similar parcel of phenol to fulfill its contracts, or paying damages to its customers due to product devaluation (see Exhibit A suit documents from Court filing in Singapore).

25.    The plaintiff has filed an action both *in rem* and *in personam* against the Vessel and its owner in Singapore. The cause of phenol damage is crucial evidence that is obtainable only through an immediate document production from the Vessel.  Critical evidence by way of the Vessel's logs, retained samples, and cargo records are necessary to determine the facts and

circumstances giving rise to the Phenol damage which occurred aboard the M/V Ginga Lynx during its Houston to Korea voyage in late 2014.

26.     The vessel's insurance carrier and their New York and New Orleans attorneys have been aware of our efforts to obtain these documents for more than a week, and have been unwilling to provide them short of court intervention.

### III.
### Need For Immediate Relief

27.     The defendant Vessel, an ocean-going tanker of foreign flag, will leave the jurisdictional waters of the United States on or before February 22, 2015.  There is no time for the *in personam* defendants to be served with process since they are located in either Panama or Singapore. Similarly, time does not allow for the serving of a written request under the normal procedures set out in Rule 34(b) of the Federal Rules of Civil Procedure, nor even time for a normally noticed motion seeking an expedited inspection of the Vessel.  As **Exhibit D** Affirmation explains, once the Vessel leaves port, it will be immune from effective discovery, and Plaintiff's ability to determine the cause and nature of the purported phenol damage will be lost.

### CONCLUSION

28.     For the foregoing reasons, Plaintiff respectfully requests that the Court grant their motion for expedited hearing and expedited discovery in this matter and for such other relief as it shows it is entitled.

Respectfully submitted,

*/S/ Dana K. Martin*

_____

DANA K. MARTIN
SDTX I.D. No.:  126
Texas Bar No.: 13057830
HILL RIVKINS LLP
55 Waugh Dr., Suite 1200
Houston, Texas 77007
Telephone:      (713) 222-1515
Direct Line:    (713) 457-2287
Facsimile:      (713) 222-1359
E-mail: dmartin@hillrivkins.com
E-mail: doliveira@hillrivkins.com

**ATTORNEYS FOR PLAINTIFF
SAMYANG INNOCHEM CORP.**

## **CERTIFICATE OF SERVICE**

The undersigned hereby acknowledges that a true and correct copy of the foregoing document has been served upon all counsel of record on this 18th day of February, 2015, to:

Kevin J. LaVie, Esq.
365 Canal Street, Suite 2000
New Orleans, LA 70130-6534
Email: laviek@phelps.com

☐   By facsimile transmission
x   By electronic transmission
x   By deposit in the United States Mail
☐   By CMRRR
☐   By hand-delivery

*/S/ Dana K. Martin*
_____